# **EXHIBIT A**

W. Anderson Forsythe
Michele L. Braukmann
MOULTON BELLINGHAM PC
Suite 1900, Crowne Plaza
P.O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Michele.Braukmann@moultonbellingham.com
Andy.Forsythe@moultonbellingham.com

CLERK OF THE
DISTRICT COURT
KRISTIE LEE BOELTER

2014 OCT 2 PM 3 20

FILED

BY _____

DEPUTY

     Attorneys for Plaintiff

# MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| HARDY CONSTRUCTION CO., a Montana Corporation,<br><br>    Plaintiff,<br><br>-vs-<br><br>BITUMINOUS CASUALTY CORPORATION,<br><br>    Defendant. | Cause No. DV 14-1413<br>Judge Michael G. Moses<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Hardy Construction Co. ("Hardy Construction"), by and through its attorney of record, alleges against Defendant Bituminous Casualty Corporation ("Bituminous") as follows:

## PARTIES, JURISDICTION, AND VENUE

1.   Hardy Construction is a Montana corporation. Hardy Construction's principal place of business is located in the state of Montana.

2.   Hardy Construction acts as a General Contractor on various commercial construction projects throughout the State. It has developed a reputation for high quality construction throughout Montana. It has been and continues to be employed by

various project owners to construct commercial and various other spaces. In the course of Hardy's work, it often subcontracts with various subcontractors to complete projects, as it determines appropriate for each individual project.

3.     Bituminous is an insurance company, or series of insurance companies, authorized to conduct business, and in fact, actually conducting business, in the state of Montana.   During times relevant to this civil action, and the underlying litigation (explained in the General Allegations herein), Bituminous was the insurance carrier for various policies held by Hardy Construction.  Bituminous actively markets and solicits insurance business from various insureds throughout the state of Montana.  Bituminous is a large company that profits from the premiums paid by insureds, including Hardy Construction.

4.     This Court has jurisdiction over the parties and the subject matter of this action since the insurance contracts were executed in the state of Montana and the issues involve real property in Yellowstone County, Montana.

5.     Venue is proper pursuant to Mont. Code Ann. § 25-2-121(2)(c), since Yellowstone County, Montana, is the county of loss.

### GENERAL ALLEGATIONS
**(applicable to all Counts)**

6.     Between March of 2011 and March of 2014, Bituminous issued insurance policies to Hardy Construction under Policy Number Nos. CLP 3 550 155 B, CLP 3 567 058 B, and CLP 3 584 658 B (collectively "the Policies").  True and correct copies of the Policies are attached hereto as Exhibit A, Exhibit B and Exhibit C.

2

7.     On November 14, 2013, Southern Lights, L.P. filed suit against Hardy Construction; Cronin Paint and Décor, LLC n/k/a Primary Paint, LLC.; O2 Architects, PC; WallPro, Inc.; Empire Roofing, Inc.; Architectural Doors and Hardware, LLC; Pella Windows & Doors, Inc. d/b/a The Pella Window Store; Winchell Landscaping, Inc.; Morgro, Inc.; and John Does 1 - 10 (collectively "Southern Lights Defendants") in Yellowstone County, Montana, by way of a complaint, with a Cause Number DV-13-1290 ("the Complaint"). A true and correct copy of the Complaint is attached hereto as Exhibit D. The action shall be referred to herein as "the Southern Lights litigation."

8.     Bituminous was aware of the claims asserted by Southern Lights long before the actual litigation was filed. In fact, for months preceding the filing of the Southern Lights litigation, Hardy actively provided substantial information to Bituminous, made requests upon Bituminous related to inspection and remediation, participated in ongoing discussions with Bituminous about the claims, and assisted Bituminous' representatives and Legal Counsel in gathering all relevant information.

9.     The Complaint that was filed by Southern Lights alleges that on or about June 5, 2006, Southern Lights entered into a "Design Contract" with O2 Architects for the design of the Southern Lights Housing Complex in Billings, Montana ("the Complex").

10.     The Complaint further alleges that on or about December 14, 2006, Southern Lights entered into a "Construction Contract" with Hardy Construction for the construction of the Southern Lights Complex. Hardy Construction then engaged subcontractors and/or material suppliers to perform and/or supply various work and

3

product on the Southern Lights Complex.  These subcontractors and material providers include Southern Lights Defendants: Cronin Paint, Wallpro, Empire Roofing, ADH, and Pella.

11.     The Complaint further alleges that the Southern Lights Defendants, in various capacities, caused the failing of the paint on the Complex's exterior railings and stairway of the Complex.

12.     Additionally, the Complaint further alleges that water has and continues to pool on several stairway landings within the Complex, and that water has and continues to infiltrate the buildings' envelopes.

13.     The Complaint asserts the following counts against Hardy Construction: breach of contract, breach of implied covenant of good faith and fair dealing, negligence, and negligent supervision.

14.     Hardy Construction has tendered the claims to Bituminous, including the defense of the Complaint, and it is entitled to a defense for said action, indemnity for any judgment awarded against it, full investigation of the claims, and ultimately, settlement or satisfaction of any judgment entered against Hardy Construction.

15.     The Policies cover property damage that occurs during the policy period and that Hardy Construction becomes legally obligated to pay.  Further, the Policies acknowledge Bituminous' duty to defend and indemnify Hardy Construction.

16.     Notwithstanding Hardy Construction's tender of the defense and indemnification to Bituminous, Bituminous has refused to fully accept Hardy Construction's tender.

4

17.     Instead of honoring its obligations to Hardy Construction, as the insured, Bituminous has reserved substantial rights under the Policies, including rights to which Hardy Construction is entitled, and specifically related to full settlement and resolution of the claims in the Southern Lights litigation.

18.     Notwithstanding its obligation to do so, Bituminous has refused to actively participate in the investigation and resolution of the Southern Lights litigation.

19.     Bituminous has relied upon improper coverage positions to deny Hardy its rights as an insured under the Policies.

20.     Bituminous has had the opportunity to fully settle and resolve the Southern Lights litigation, within policy limits, and it has refused to do so, even though Hardy has indicated that it is in Hardy's best interests for Bituminous to settle and resolve the litigation.

21.     Bituminous has neglected to attempt in good faith to effectuate prompt, fair, and equitable settlement and investigation of the underlying claims.

22.     Bituminous has also refused to retain Counsel to evaluate the claims, defend Hardy Construction, limit damages' exposure for its insured, properly investigate, and conduct the necessary evaluations of the Southern Lights litigation. Instead, Bituminous has relied upon improper coverage positions and the recommendations of its Coverage Legal Counsel, which has been and is contrary to its insured's best interests.

23.     Bituminous has also relied upon an alleged lack of documentation to justify its illegitimate refusal to resolve the Southern Lights litigation.  However, Hardy

has provided substantial documentation to Bituminous, has fully cooperated in the investigation and defense of the litigation, and has repeatedly advised Bituminous of all information that Bituminous needs to evaluate and resolve the litigation.

24.    Bituminous' actions have created substantial, additional exposure in the Southern Lights litigation.  Bituminous has delayed or refused and failed to participate in inspections, it has refused and failed to remediate the underlying damages, and it has failed to limit the damages' in the Southern Lights litigation, even though it has had the opportunity to do so.

25.    Bituminous has refused to settle and resolve the case within policy limits, even though it has also had the opportunity to do so.

26.    Bituminous has now forced Hardy Construction to retain legal counsel and has caused Hardy to incur attorneys' fees and costs simply to preserve Hardy Construction's rights and obtain the insurance benefits to which Hardy Construction is entitled.

## COUNT I:  STATUTORY BAD FAITH

27.    Hardy Construction restates and re-alleges the allegations set forth herein.

28.    Bituminous has certain statutory obligations under, in part, Mont. Code Ann. § 33-18-201, et al.

29.    Bituminous has the duty to understand and apply the law as it relates to well-established principles involving insurance in the state of Montana.

6

30.     Bituminous has the duty to handle claims arising under its policies in accordance with standards applicable to the insurance industry and made mandatory by Montana's Unfair Trade Practices Act, § 33-18-201.

31.     Bituminous has breached its statutory obligations by "misrepresent[ing] pertinent facts or insurance policy provisions relating to coverages at issue."

32.     Bituminous has breached its statutory obligations by "neglect[ing] to attempt in good faith to effectuate prompt, fair, and equitable settlement of claims in which liability has become reasonably clear."

33.     Bituminous has breached its statutory obligations by refusing to pay claims without conducting a reasonable investigation based upon all available information.

34.     Bituminous has misrepresented the policy provisions in stating that there is no coverage based upon a number of purported exclusions.

35.     Bituminous has failed to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

36.     Bituminous has failed to affirm or deny coverage of claims within a reasonable time after it received notice of the alleged losses.

37.     Bituminous has compelled litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately due and/or ultimately recoverable.

38.     Bituminous has refused to settle the Southern Lights litigation in its entirety.

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

39.     Bituminous has failed to provide a reasonable explanation, in a timely manner, of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

40.     Bituminous' actions were and continue to be unlawful, intentional, purposeful, and knowingly calculated to enhance its profit at Hardy Construction's expense in conscious disregard of the certainty that Hardy Construction would suffer injury as a result.  This conduct justifies punitive damages against Bituminous for the harm caused to Hardy Construction in accordance with the protections provided claimants under Montana law.

41.     The aforementioned conduct by Bituminous, as well as other refusals and failures to properly investigate and resolve the Southern Lights litigation, and failure to act in Hardy Construction's best interests as its insured, is a violation of its statutory obligations.

42.     Hardy Construction has been, and continues to be, damaged by Bituminous' breach of its statutory obligations in an amount to be proven at trial.

## COUNT II: PUNITIVE DAMAGES

43.     Hardy Construction restates and re-alleges the allegations set forth herein.

44.     Montana law permits an award of punitive damages for violations of unfair claims settlement practices by insurers, pursuant to Mont. Code Ann. §§ 33-18-242(4) and 27-1-221.

8

45.     Bituminous has deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Hardy Construction.

46.     The actions of Bituminous as described above were undertaken with actual malice.

47.     For the foregoing acts, Bituminous is liable for punitive damages, pursuant to Mont. Code Ann. §§ 33-18-242(4) and 27-1-221.

## COUNT III: BREACH OF CONTRACT

48.     Hardy Construction restates and re-alleges the allegations set forth herein.

49.     The Policies constitute contracts under Montana law.

50.     The conduct of Bituminous described herein constitutes a breach of the contracts.

51.     Hardy Construction has been damaged by the conduct of Bituminous, including consequential and incidental harm and loss, attorneys' fees and costs, and prejudgment interest.

**WHEREFORE**, Plaintiff Hardy Construction respectfully requests the following relief:

1.     For damages caused to Hardy Construction by Bituminous' violations of Montana's statutory law on unfair claims practices by insurers and breach of contract, including prejudgment interest, attorneys' fees and costs, and all consequential damages.

9

2.      For any defense costs and indemnification costs incurred by Hardy Construction in the claims asserted against it in the Complaint, Cause Number DV-13-1290;

3.      For damages caused by Bituminous' violations of the Unfair Trade Practices Act, specifically Mont. Code Ann. § 33-18-242, and refusal to comply with its own policies;

4.      For an award of punitive damages, pursuant to Mont. Code Ann. §§ 33-18-242(4) and 27-1-221;

5.      For costs and attorneys' fees incurred in this action pursuant to Mont. Code Ann. § 27-8-311 and § 27-8-313; and

6.      For such other relief as this Court deems just and proper.

**PLAINTIFF HARDY CONSTRUCTION DEMANDS A TRIAL BY JURY**

DATED this 2nd day of October, 2014.

MOULTON BELLINGHAM PC

By _MicheleL B_____

W. ANDERSON FORSYTHE
MICHELE L. BRAUKMANN
Suite 1900, Crowne Plaza
P.O. Box 2559
Billings, Montana 59103-2559
ATTORNEYS FOR PLAINTIFF

4852-7270-5566, v. 1

10

W. Anderson Forsythe
Michele L. Braukmann
MOULTON BELLINGHAM PC
Suite 1900, Crowne Plaza
P.O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Michele.Braukmann@moultonbellingham.com
Andy.Forsythe@moultonbellingham.com

CLERK OF THE
DISTRICT COURT
KRISTIE LEE BOELTER

2014 OCT 14  PM 4 33

FILED
BY _____ ③
_____ DEPUTY

Attorneys for Plaintiff

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

HARDY CONSTRUCTION CO., a Montana Corporation,

Plaintiff,

-vs-

BITUMINOUS CASUALTY CORPORATION,

Defendant.

Cause No. *DV-14-1413*

Judge *Michael G. Moses*

**NOTICE AND
ACKNOWLEDGMENT OF RECEIPT
OF SUMMONS AND COMPLAINT**

The enclosed Summons and Complaint are served pursuant to Rule 4D(1)(b) of the Montana Rules of Civil Procedure.

You may complete the acknowledgment part of this form and return one copy of the completed form to the sender within twenty (20) days after the date it was mailed to you as shown below.

If you decide to complete and return this form, you must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person,

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW



and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return this form to the sender within twenty (20) days after the date it was mailed to you as shown below, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the Complaint within twenty (20) days after the date of signature which you place on the acknowledgment below. If you fail to answer the Complaint within the foregoing twenty- (20-) day period, judgment by default will be taken against you for the relief demanded in the Complaint.

I declare, under penalty of perjury, that this Notice and Acknowledgment of Receipt of Summons and Complaint was mailed on this 2nd day of October, 2014.

MOULTON BELLINGHAM PC

By: _Michele L B_____
W. ANDERSON FORSYTHE
MICHELE L. BRAUKMANN
Suite 1900, Crowne Plaza
P.O. Box 2559
Billings, MT 59103-2559
ATTORNEYS FOR PLAINTIFFS

2

## ACKNOWLEDGMENT OF RECEIPT
## OF SUMMONS AND COMPLAINT

_JESSE LASLOVICH / CHIEF LEGAL COUNSEL_
Relationship to Person or Entity/Authority to
Receive Service of Process

I declare, under penalty of perjury, that I received a copy of the Summons and

Complaint in the above-captioned matter at ___840 HELENA AVE - HELENA, MT 59601___

on the ___8___ day of ___OCTOBER___, 2014.

4833-2315-1135, v. 1

3

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW